UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT REPETTO | ) <br> ) |
| Plaintiff-Petitioner, | ) Civil No. 1:13-cv-1894 (RCL) <br> ) |
| v. | ) <br> ) |
| MICHAEL P. HUERTA, Administrator, <br> Federal Aviation Administration | ) <br> ) <br> ) |
| Defendant-Respondent. | ) <br> ) |

## MEMORANDUM OPINION

Before the Court is the defendant's Motion to Dismiss [8] plaintiff's Petition for Review [2]. Robert Repetto, plaintiff-petitioner, filed a petition seeking judicial review of a decision by the National Transportation Safety Board ("NTSB") upholding the Federal Aviation Administration's ("FAA") order denying Repetto's application for an airman medical certificate pursuant to the Pilot's Bill of Rights ("PBR"), Pub. L. No. 112-153, 126 Stat. 1159 (2012). Upon consideration of the defendant's Motion to Dismiss, the plaintiff's Response thereto [13], and the defendant's Reply [15], the Court will GRANT the defendant's Motion for the reasons stated below.

## I. BACKGROUND

The relevant facts are as follows: Robert Repetto ("Repetto"), plaintiff-petitioner, is employed as an air traffic control specialist with the FAA. Pl.'s Pet. for Review, Ex. A (Opinion and Order of NTSB). He applied for an unrestricted airman medical certificate in February of 2011. *Id.* at 2. Repetto affirmed on his application that he has a history of alcohol dependence or drug abuse and that he has a history of arrests or convictions involving driving while

1

intoxicated by, while impaired by, or while under the influence of alcohol or drug. *Id.* at Ex. A; *see also* Def.'s Mot. to Dismiss 7. Repetto listed two events concerning his DUI history in the narrative section: "12/04 previously reported" and "arrest 7/10, not guilty 8/10, reported AEA-300." Pl.'s Pet. for Review, Ex. A (Opinion and Order of NTSB).

In June, 2011, the Regional Flight Surgeon in New York issued a preliminary denial letter noting that petitioner was ineligible for a medical certificate citing 14 C.F.R. § 67.107(a)(4). *Id.* In July, Repetto sent a letter, through his counsel, to the Federal Air Surgeon seeking reconsideration of his application and offering to provide additional documentation or to resubmit medical reports. *Id.* While the Federal Air Surgeon was in the process of reconsidering Repetto's application for an airman medical certificate, Repetto sent two additional letters conversely requesting that the Federal Air Surgeon make an adverse decision on his reconsideration so that Repetto could appeal the decision to the NTSB. Def.'s Mot. to Dismiss 8.

In November, 2011, James R. DeVoll, Manager, Medical Appeals Branch in the Office of Aerospace Medicine, sent Repetto a letter explaining that additional medical information was needed to determine Repetto's eligibility for an airman certificate and requesting additional records. *Id.* Repetto's response asserted that the FAA's request for information was not reasonable or relevant. *Id.* He sent another letter to the FAA in December of 2011 asserting that the FAA's request for additional medical information was a "pretext to avoid a full hearing with the NTSB." *Id.* In February of 2012, the FAA sent Repetto another letter requesting additional medical records, to which Repetto responded by again refusing and stating that the request was not reasonable. *Id.* at 9. The Federal Air Surgeon then sent Repetto a final denial letter in March of 2012 based on Repetto's failure to provide the medical information requested in the FAA's letters. *Id.*

intoxicated by, while impaired by, or while under the influence of alcohol or drug. *Id.* at Ex. A; *see also* Def.'s Mot. to Dismiss 7. Repetto listed two events concerning his DUI history in the narrative section: "12/04 previously reported" and "arrest 7/10, not guilty 8/10, reported AEA-300." Pl.'s Pet. for Review, Ex. A (Opinion and Order of NTSB).

In June, 2011, the Regional Flight Surgeon in New York issued a preliminary denial letter noting that petitioner was ineligible for a medical certificate citing 14 C.F.R. § 67.107(a)(4). *Id.* In July, Repetto sent a letter, through his counsel, to the Federal Air Surgeon seeking reconsideration of his application and offering to provide additional documentation or to resubmit medical reports. *Id.* While the Federal Air Surgeon was in the process of reconsidering Repetto's application for an airman medical certificate, Repetto sent two additional letters conversely requesting that the Federal Air Surgeon make an adverse decision on his reconsideration so that Repetto could appeal the decision to the NTSB. Def.'s Mot. to Dismiss 8.

In November, 2011, James R. DeVoll, Manager, Medical Appeals Branch in the Office of Aerospace Medicine, sent Repetto a letter explaining that additional medical information was needed to determine Repetto's eligibility for an airman certificate and requesting additional records. *Id.* Repetto's response asserted that the FAA's request for information was not reasonable or relevant. *Id.* He sent another letter to the FAA in December of 2011 asserting that the FAA's request for additional medical information was a "pretext to avoid a full hearing with the NTSB." *Id.* In February of 2012, the FAA sent Repetto another letter requesting additional medical records, to which Repetto responded by again refusing and stating that the request was not reasonable. *Id.* at 9. The Federal Air Surgeon then sent Repetto a final denial letter in March of 2012 based on Repetto's failure to provide the medical information requested in the FAA's letters. *Id.*

Repetto filed an appeal to the NTSB on March 27, 2012, which was assigned to an Administrative Law Judge ("ALJ"). The Administrator filed a motion for summary judgment, arguing that there were no material facts in dispute because Repetto indisputably had not provided the medical records requested or signed a release for the information. *Id.* The ALJ issued an oral decision granting the motion for summary judgment after hearing oral argument on all motions. The ALJ emphasized that the issue in the case was not whether Repetto was qualified for a medical certificate, but rather the issues were whether the Administrator's request for additional information was reasonable, and whether Repetto had provided the requested information. *Id.*

Repetto later filed an appeal to the full NTSB; however, on October 23, 2013, the NTSB upheld the Administrator's denial of the medical certificate for failure to provide the requested information. *Id.* Repetto now petitions this Court to review the agency's decision.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Dismissal

Under Rule 12(b)(6), a court may dismiss a complaint, or any portion of it, for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the pleading must contain enough factual allegations to "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is "plausible on its face" when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotations omitted).

Additional pleading requirements are outlined in Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires pleadings seeking relief in federal district court to contain, *inter*

*alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a)(2)-(3). Rule 8 must be satisfied in "all civil actions and proceedings in the United States district courts, except as stated in Rule 81." FED. R. CIV. P. 1. Rule 81 does not remove applicability of the Federal Rules of Civil Procedure from civil actions seeking review of agency decisions. *See generally* FED. R. CIV. P. 81.

## III. DISCUSSION

Rule 1 applies all Federal Rules of Civil Procedure to "civil actions . . . in the United States district courts," including Rule 8. FED. R. CIV. P. 1. Therefore, plaintiff must adhere to the requirements of Rule 8 in a petition for review of an administrative agency's action filed with this Court.[1]

Plaintiff's petition for review consists of statements of jurisdiction and venue, the procedural history of the case through the administrative process, and a paragraph requesting "full and independent review" of the NTSB's final Opinion and a hearing de novo[2] on the matter. Pl.'s Pet. for Review 1-5. Nowhere in plaintiff's petition is there any mention of what the NTSB did improperly, nor is there any mention of what relief is sought. Plaintiff must at least set forth

---

[1] If plaintiff had filed his petition for review with the Circuit Court of Appeals for the District of Columbia (or another federal circuit court), then Rule 15 of the Federal Rules of Appellate Procedure would apply. FED. R. APP. P. 1(a) ("These rules govern procedure in the United States courts of appeals."). Rule 15 requires that a petition for review be filed "with the clerk of a court of appeals authorized to review the agency order," and that it 1) "name each party seeking review," 2) "name the agency as a respondent," and (3) "specify the order or part thereof to be reviewed." FED. R. APP. P. 15(a). Rule 15 requires less information to be stated in a petition for review; however, because plaintiff filed his petition for review with a district court, the Federal Rules of Appellate Procedure do not apply.

[2] Even if this Court construed plaintiff's petition for review as a claim for a de novo hearing, the PBR does not give plaintiff the right to such a hearing. The Administrative Procedure Act ("APA") limits a court's review of an agency's decision to the administrative record. 5 U.S.C. § 706. A "[s]ubsequent statute may not be held to supersede or modify" the APA's judicial review standards "except to the extent that it does so expressly." *Id.* § 559. Because the PBR does not expressly state that judicial review will be by way of a de novo hearing, the APA's requirement that review be based on the administrative record applies. 49 U.S.C. § 44703(d)(3) (explaining that a person may seek judicial review of an NTSB order concerning airman certificates, and "[t]he findings of fact of the Board in any such case are conclusive if supported by substantial evidence").

4

why he believes the NTSB's decision is wrong and why that entitles him to relief to satisfy Rule 8(a)(2), which requires a "statement of the claim showing that the pleader is entitled to relief." This Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged" when the plaintiff has not alleged any misconduct. *Iqbal*, 556 U.S. at 663 (internal quotations omitted).

Additionally, plaintiff must at least include a "demand for relief sought" pursuant to Rule 8(a)(3). A request for a de novo hearing does not satisfy this requirement. Plaintiff's petition contains no language expressing what relief he seeks from this Court. Without these statements, plaintiff's petition does not satisfy the pleading requirements of Rule 8, and cannot survive a motion to dismiss for failure to state a claim.

## IV. CONCLUSION

In sum, defendant's Motion to Dismiss for failure to state a claim is GRANTED because plaintiff's petition for review of an agency decision did not satisfy the pleading requirements of Rule 8(a).

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on October 14th, 2014.